IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD PETERS,                        )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )    No. CIV-10-22-L
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security        )
Administration,                        )
                                       )
            Defendant.                 )

# **O R D E R**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of that portion of the final decision of the Commissioner of the Social Security Administration that denied his application for disability insurance benefits under the Social Security Act. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the Honorable Valerie K. Couch for initial decision. On November 29, 2010, Judge Couch issued her Report and Recommendation, recommending that the Commissioner's decision be affirmed.

This matter is before the court on plaintiff's timely filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In his objections, plaintiff contends

1

that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards and did not link the credibility findings to the evidence.

The court's review of the Commissioner's decision is limited to determining "whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standard." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). In making this determination, the court must closely examine the record as whole. *See* Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' In addition to a lack of substantial evidence, the [Commissioner's] failure to apply the correct legal standards, or to show us that she has done so, are also grounds for reversal." Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996) (citations omitted).

In accordance with the governing standards, the court has reviewed the Report and Recommendation, plaintiff's objections thereto, and the case file. Contrary to plaintiff's objections, both the ALJ and Judge Couch applied the correct legal standards and found plaintiff's proof wanting. Plaintiff admits that he received no mental health treatment during the relevant period and there are no medical records reflecting that plaintiff sought treatment for any mental health issues during this time frame. *See* Administrative Record at 607-9. The court finds the ALJ adequately supported the credibility determination and substantial evidence supports that finding. In accordance with the instructions of the Appeals Council, the ALJ

performed a thorough analysis of the record and determined on second hearing that plaintiff was not disabled. Plaintiff's reliance on medical records and determinations outside the relevant time frame in an attempt to establish his disability is inapposite. Plaintiff's status before January 20, 1995 or after December 1997 is not relevant, as the record must establish that plaintiff was disabled during that time period and, more importantly, before his insured status expired on December 31, 1997. *See* Henrie v. United States Dep't of Health & Human Serv., 13 F.3d 359, 360 (10th Cir. 1993). It is plaintiff's burden to establish that he "was totally disabled on that date or before." Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010). Plaintiff did not meet his burden. Moreover, this is not a case where the Commissioner's decision "is overwhelmed by other evidence in the record or where there is a mere scintilla of evidence supporting it." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988).

In sum, the court concludes the Commissioner's decision is supported by substantial evidence. The Commissioner's decision is therefore AFFIRMED. Judgment will issue accordingly.

It is so ordered this 5th day of January, 2011.

_Tim Leonard_
TIM LEONARD
United States District Judge